## IN THE COURT OF APPEALS OF IOWA

No. 23-0252
Filed April 26, 2023

**IN THE INTEREST OF D.R., W.R., R.R. and G.Y.,**
**Minor Children,**

**J.R., Mother,**
        Appellant,

**J.R., Father,**
        Appellant.
_____

Appeal from the Iowa District Court for Clarke County, Monty W. Franklin,

District Associate Judge.

A mother and father separately appeal the termination of their parental

rights to their children. **AFFIRMED ON BOTH APPEALS.**

Shireen L. Carter of Shireen Carter Law Office, PLC, Norwalk, for appellant

mother.

Jeremy M. Evans of Carr Law Firm, P.L.C., Des Moines, for appellant father.

Brenna Bird, Attorney General, and Anagha Dixit, Assistant Attorney

General, for appellee State.

Tamara Lea Knight, Greenfield, attorney and guardian ad litem for minor

children.

Considered by Vaitheswaran, P.J., and Greer and Chicchelly, JJ.

**CHICCHELLY, Judge.**

A mother and father separately appeal the termination of their parental rights to their children.[1] The father challenges the grounds for termination. Both the mother and the father contend termination is not in the children's best interests and ask us to preserve their parental rights based on one of the circumstances listed in Iowa Code section 232.116(3) (2022). After a de novo review of the record, *see In re J.H.*, 952 N.W.2d 157, 166 (Iowa 2020), we affirm the termination of both the mother's and father's parental rights.

The record shows there is a long history of concern for the children's safety. The children were adjudicated children in need of assistance (CINA) as part of proceedings dismissed in 2017. Five protective services child abuse assessments followed. In 2021, the children were removed from the home and again adjudicated CINA.

The 2021 CINA adjudication was based on the mother and father using marijuana and methamphetamine in the home. There were also concerns about physical abuse by the father. The mother and father needed to address their mental health and substance abuse before the children could be returned to them. But their participation with the services offered was inconsistent, and neither made significant progress in addressing those concerns during the CINA proceedings. As a result, the State petitioned to terminate parental rights in July 2022. After a

---

[1] This appeal involves four children between the ages of seven and fifteen. All four children share a mother. Three of the children, D.R., W.R., and R.R., share a father. The State did not seek to terminate the parental right of G.Y.'s father, who is custodian of G.Y. For simplicity, we refer to the father of D.R., W.R., and R.R. as "the father."

November hearing, the juvenile court terminated both the mother's and father's parental rights under Iowa Code section 232.116(1)(e) and (f).

We begin by addressing the father's challenge to the grounds for termination.[2]  Because the juvenile court terminated his parental rights on two grounds, we may affirm if sufficient evidence supports either ground.  *See In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012).  Before terminating parental rights to a child under section 232.116(1)(f), the juvenile court must find:

> (1) The child is four years of age or older.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

The father concedes the first three elements but challenges the evidence showing his children cannot be returned to him at the time of the termination hearing without facing risk of harm sufficient for a CINA adjudication.  *See* Iowa Code § 232.102(8) (stating that the court can return a child to the home if a preponderance of the evidence shows the child will not suffer harm that would lead to a CINA adjudication); *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) (interpreting "at the present time" to mean at the time of the termination hearing).

Clear and convincing evidence shows the children cannot be returned to the father due to his unresolved substance-abuse issues.  In September 2021, the

---

[2] The mother concedes the grounds for termination under section 232.116(1)(e) but contends that termination of her parental rights "is not in the children's best interest nor necessary" under section 232.116(3)(a).

father's drug test showed a "high positive result" for methamphetamine and amphetamine. A substance abuse evaluation recommended an inpatient treatment program and that the father continue with outpatient treatment until an inpatient bed became available. Although the father highlights that he "briefly participate[d] in outpatient treatment," he attended only two appointments. As a result, he was unsuccessfully discharged from outpatient treatment for failing to attend. The father was referred to multiple inpatient treatment programs but never followed through to attend any. His positive test for methamphetamine in May 2022, one of the few drug tests he complied with during the CINA proceedings, shows that his methamphetamine use persists, endangering the children. *See, e.g.*, *State v. Petithory*, 702 N.W.2d 854, 859 (Iowa 2005) (stating that "the hazards are too great" to leave children in the care of a methamphetamine user)*.* Because the father's substance abuse would expose the children to harm leading to another CINA adjudication, the grounds for termination under section 232.116(1)(f) have been met.

We next turn to the claim raised by both the mother and father that termination is not in their children's best interests. In determining the children's best interests, we use the framework described in section 232.116(2). S*ee In re A.H.B.*, 791 N.W.2d 687, 690–91 (Iowa 2010). That provision requires that we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). The "defining elements" of the best-interests analysis are the child's safety and

"need for a permanent home." *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011) (citation omitted).

The record shows the safety concerns that led to the CINA adjudication continued to exist at the time of the termination hearing. Because the mother and father failed to address their substance-abuse and mental-health issues, neither parent can meet the children's needs or nurture their growth. As the juvenile court found, "Any potential problems that may be caused by the termination of parental rights will be far outweighed by the stability, certainty, and permanency that termination will provide," and the children's "need for structure, consistency, stability, and permanency far outweighs any negative effects that might be caused by termination." We agree that terminating the mother's and father's parental rights serves the children's best interests.

In arguing that termination goes against the children's best interests, both the mother and father cite Iowa Code section 232.116(3). That provision lists circumstances under which the court "need not terminate the relationship between the parent and child." The mother relies on section 232.116(3)(a), which applies when a relative has legal custody of the child. The father relies on section 232.116(3)(c), which applies when there is clear and convincing evidence that termination would harm the child based on the closeness of the parent-child relationship. He argues the children's best interests would be served by granting his request for a guardianship rather than terminating his parental rights.

The decision to avoid termination based on the provisions of section 232.116(3) is "permissive, not mandatory." *In re A.S.*, 906 N.W.2d 467, 475 (Iowa 2018). Whether to apply it to determine whether to save the parent-

child relationship depends on the unique facts of the case before us. *Id.* The parent resisting termination bears the burden of establishing one of the circumstances listed under section 232.116(3). *Id.* at 476.

We decline to preserve parental rights based any of the criteria listed in section 232.116(3). We have found termination is in the children's best interests, and the relatives' willingness to take the children does not change that. *See id.* at 475. Nor has the father shown his bond with the children is so strong that terminating his parental rights would harm them. Even so, a guardianship inherently lacks permanence and is not preferred to termination of parental rights. *See id.* at 477–78.

Because clear and convincing evidence establishes the grounds for termination and shows termination is in the children's best interests, we affirm the termination of the mother's and father's parental rights.

**AFFIRMED ON BOTH APPEALS.**